# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF VIRGINIA
# (ALEXANDRIA DIVISION)

| | | |
|---|---|---|
| **ESTATE OF ASHLEY D. FOWLER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **OTIS LEE TUCKER,** | ) | Case No. _____ |
| **FLORIDA STATE ATTORNEY'S** | ) | |
| **OFFICE, 4TH CIRCUIT,** | ) | |
| **JACKSONVILLE (FL)** | ) | |
| **SHERIFF'S OFFICE,** | ) | |
| **RICHMOND (VA)** | ) | |
| **COMMONWEALTH ATTORNEY'S** | ) | |
| **OFFICE,** | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | |
| **CORRECTIONS.** | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

## INTRODUCTION

1.      The Estate of Ashley D. Fowler (hereinafter, "Plaintiff"), brings this action against the

defendants, for, *inter alia*, individually and/or collectively violating the Constitutional rights, and

causing the wrongful death of, Ashley D. Fowler on November 1, 2022, in Jacksonville, Florida, as more fully set forth, *infra*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction in this case pursuant to 28 U.S.C. §1332(a)(1) and (c)(2).

3.      This Court is a proper venue for this case pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

4.      Ashley D. Fowler (hereinafter, "Ms. Fowler") was a single, 34 year old woman and mother of three minor children, residing in Jacksonville, FL on November 1, 2022.

5.      The Estate of Ashley Fowler is composed of:  Codi L. Fowler (DOB: 9/19/2005); Chase A. Hayes (DOB: 2/15/2010); and Cason N. Fowler (DOB: 11/21/13).  All resided in Jacksonville, FL on November 1, 2022, and do so currently.

6.      Otis Lee Tucker (hereinafter, "Tucker") was a single, 35 year old male, residing in Jacksonville, FL on November 1, 2022.

7.      The Florida State Attorney's Office, 4th Circuit, is located in Jacksonville, FL, is responsible for prosecuting criminal offenses committed in its jurisdiction, and is a department or agency of the State of Florida.

8.      The Jacksonville Sheriff's Office is located in Jacksonville, FL, is responsible for public safety and investigating criminal offenses in its jurisdiction, and upon information and belief is a department or agency of the City of Jacksonville, County of Duval, and/or the State of Florida.

9.      The Richmond (VA) Commonwealth Attorney's Office is located in Richmond, VA, is responsible for prosecuting criminal offenses committed in its jurisdiction, and is a department or agency of the Commonwealth of Virginia.

10.     The Virginia Department of Corrections has offices and facilities throughout the Commonwealth of Virginia, and is responsible for, *inter alia*, operating jails, prisons, and other detention facilities which house persons convicted of criminal offenses in Virginia, and operating a Probation and Parole section or division which, *inter alia*, supervises persons who have been released from custody but who are still serving a term of probation as part of a prior sentence by the Virginia courts.  The Virginia Department of Corrections is a department or agency of the Commonwealth of Virginia.

## **FACTS**

11.     Ms. Fowler was brutally murdered by Otis Lee Tucker in Jacksonville, FL on November 1, 2022.

12.     Tucker was arrested by the Jacksonville Sheriff's Office on November 2, 2022; was detained; ultimately pled guilty to this offense; and was sentenced to life imprisonment without parole in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida on September 15, 2023.  Tucker is currently serving his sentence in the custody of the Florida Department of Corrections.

13.     Tucker was prosecuted for Ms. Fowler's murder by the Florida State Attorney's Office, 4th Circuit.

14.     Tucker had an extensive criminal history prior to his murdering Ms. Fowler, most of which occurred in his home state [Commonwealth] of Virginia.  This included multiple felony

convictions, prison terms, and violations of probation.  Most relevant to this action, upon information and belief, Tucker was convicted in or about 2016 or 2017 in Virginia for the 2016 strangulation of a woman and sentenced to five years imprisonment.  While serving this sentence in the Virginia Department of Corrections, Tucker severely beat another inmate and was sentenced to another two years for this action, however the additional time was rescinded for reasons unknown to Plaintiff.

15.     Shortly after the aforementioned strangulation arrest, Tucker was the primary suspect regarding the 2016 disappearance of Keeshae Jacobs in the Richmond, VA area.   Upon information and belief, there was sufficient evidence of Ms. Jacobs having been murdered by Tucker to charge him, but the Richmond Commonwealth's Attorney's Office chose not to prosecute Tucker, ostensibly because Ms. Jacobs body had not been recovered.  Agonizingly for Plaintiff, while incarcerated for Ms. Fowler's murder, Tucker admitted to burying Ms. Jacobs body to Richmond law enforcement authorities, and her body has now been recovered.

16.     Upon completion of his period of incarceration for the 2016 strangulation, Tucker was released by the Virginia Department of Corrections, but remained on probation.  Tucker then sought to relocate to the Jacksonville, FL area, and received approval from Virginia Probation and Parole.  Nevertheless, he remained under their supervision and had to abide by all terms and conditions of his probation, which, upon information and belief, included Tucker not committing any future crimes.

17.     Upon information and belief, Tucker was arrested by the Jacksonville (FL) Sheriff's Office in or about the summer of 2022 for making false 911 calls and for making a false report to a law enforcement officer.  This matter was referred to and prosecuted by the Florida State

Attorney's Office, 4th Circuit.  Tucker was released on bond and this matter was pending on November 1. 2022 when he murdered Ms. Fowler.

18.     Upon information and belief, the arrest referenced in paragraph 17, *supra*, should have resulted in the revocation of Tucker's Virginia probation, and his detention and removal back to Virginia.  Upon information and belief, either the Jacksonville (FL) Sheriff's Office and/or the Florida State Attorney's Office, 4th Circuit failed to report the arrest to Virginia Probation and Parole, or if reported, Virginia Probation and Parole failed to initiate revocation in accordance with the terms of his probation.

**CAUSES OF ACTION**

19.     Plaintiff repeats and realleges paragraphs 4 to 18 as though more fully set forth herein.

20.     Ashley D. Fowler's death was preventable.  Otis Lee Tucker should not have been a free man on November 1. 2022. If any one of multiple failures by the named defendants would not have occurred, Ms. Fowler would likely be alive today.

21.     Defendants' actions failed to meet the duty of care owed to Ms. Fowler and Plaintiff and did not meet the standards of the laws, rules, regulations, and policies governing their actions and duties.  The Virginia Commonwealth Attorney's Office should have prosecuted Tucker for Keeshae Jacob's murder, or any number of lesser offenses.  The Virginia Department of Corrections and/or the Commonwealth Attorney's Office should have prosecuted Tucker for his violent assault while incarcerated, such that his sentence may have been enhanced and he may have remained in custody.  Virginia Probation and Parole should not have allowed such a violent and repeat Virginia offender to move to another State where clearly their supervision and control of Tucker would be limited, and where by doing so they put citizens of another state at risk of

serious harm. The Jacksonville (FL) Sheriff's Office and/or the Florida State Attorney's Office should have timely reported Tucker's false reporting crimes in the summer of 2022 to Virginia Probation and Parole. If such crimes were so reported, Virginia Probation and Parole should have immediately initiated Tucker's revocation of probation, likely resulting in his detention and removal to Virginia before November 1, 2022. The Florida State Attorney's Office, 4th Circuit, should have timely prosecuted the false reporting crimes, such that a conviction prior to November 1, 2022 may have led to Virginia's revocation of probation. Defendants' actions and omissions were voluntary, willful, intentional, negligent, and reckless, and whether taken individually and/or collectively, denied Ashley D. Fowler her rights as guaranteed by the United States Constitution. Accordingly, this matter constitutes a deprivation of rights under 42 U.S.C. §1983, and a wrongful death under applicable laws and jurisprudence.

22.     Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

23.     WHEREFORE, Plaintiff requests the Court issue an Order directing Defendants to fully compensate Plaintiff for all damages resulting from their actions, in an amount not less than $300,000,000.00.

24.     Plaintiff requests such other and further relief which the Court deems just and proper.

DATED:      November 1, 2024
            Reston, VA

                              Respectfully submitted,


                              s/RCM_____
                              ROBERT C. MOSCATI, ESQ.
                              VSB # 95648

                              The Moscati Law Firm
                              1818 Library Street, Suite 500
                              Reston, VA 20190
                              Telephone:  703-373-4830
                              Fax:  703-956-3009
                              rcm@themoscatilawfirm.com

                              *Counsel for Plaintiff*